1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                           FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | JOHN WILLIAM THOMPSON,             | No.  2:20-cv-0474 DB P
12 |         Plaintiff,
13 |    v.                              | ORDER
14 | ERIC RAVAZI, D.D.S., et al.,
15 |         Defendants.
16

17       Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18 U.S.C. § 1983 and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19       The federal venue statute provides that a civil action "may be brought in (1) a judicial

20 district in which any defendant resides, if all defendants are residents of the State in which the

21 district is located, (2) a judicial district in which a substantial part of the events or omissions

22 giving rise to the claim occurred, or a substantial part of property that is the subject of the action

23 is situated, or (3) if there is no district in which an action may otherwise be brought as provided in

24 this action, any judicial district in which any defendant is subject to the court's personal

25 jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

26       In this case, plaintiff identifies four defendants.  Three doctors from the Correctional

27 Training Facility ("CTF") and one doctor from the California Health Care Facility ("CHCF").

28 Plaintiff's claims primarily involve the CTF doctors' failure to diagnose and treat an oral

                                                    1

1 infection that spread throughout plaintiff's body.  Plaintiff also makes a claim that the CHCF

2 doctor failed to re-order an MRI.  This latter claim against the CHCF doctor is not a "substantial

3 part" of plaintiff's complaint.  CTF is in Monterey County, which lies in the Northern District of

4 California.  Therefore, plaintiff's complaint should have been filed in the United States District

5 Court for the Northern District of California.  In the interest of justice, a federal court may

6 transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a);

7 Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

8     Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United

9 States District Court for the Northern District of California.

10 Dated: June 24, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/thom0474.21a