UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM THOMPSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ERIC RAZAVI, et al.,<br><br>        Defendants. | Case No. 20-04292 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against medical personnel at Correctional Training Facility ("CTF") in Soledad and at the California Health Care Facility ("CHCF") in Stockton, where he is currently incarcerated.[1]  Dkt. No. 1.  Plaintiff's motion for leave to proceed in forma pauperis shall be addressed in a separate order.

///

///

---

[1] On June 29, 2020, the Eastern District of California transferred the matter here because a substantial part of the allegations took place in Monterey County, which lies in the Northern District.  Dkt. Nos. 5, 6.  The matter was originally assigned to Magistrate Judge Jacqueline Scott Corley, who ordered the matter be reassigned to a district judge.  Dkt. No. 7.  The matter was reassigned to this Court on July 13, 2020.  Dkt. No. 8.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff claims that while at CTF in May 2016, he received dental treatment from Defendant Dr. Eric Razavi, DDS, which lead to an infection for which Dr. Razavi refused to prescribe antibiotics. Dkt. No. 1 at 3. Plaintiff claims he suffered great bodily harm as a result of Dr. Razavi's actions. Id. Plaintiff also claims that Defendant Dr. Tarrara and a Doe Defendant, who were his primary care physicians ("PCP") from June to August 2016, acted with deliberate indifference to his serious medical needs by ignoring his complaints and causing delays in necessary medical treatment, which resulted in his need for emergency surgery. Id. at 4. Liberally construed, Plaintiff's allegations are sufficient to state a claim under the Eighth Amendment for deliberate indifference to serious medical needs against Defendants Razavi and Tarrara. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important

medical need of inmates).

However, the Doe Defendant must be dismissed with leave to amend. See supra at 2. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, this unidentified individual is DISMISSED from this action. If, through discovery, Plaintiff is able to identify this unknown Defendant, he may then motion the Court for leave to amend to name the intended defendant and to issue summons upon him. See Gillespie, 629 F.2d at 642; Barsten v. Dep't of the Interior, 896 F.2d 422, 423–24 (9th Cir. 1990).

Plaintiff also claims that while housed at CHCF in May 2019, Defendant Dr. Singh, his PCP at the time, caused delays in his treatment for serious medical needs. Dkt. No. 1 at 5. Parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). This claim against Defendant Singh of CHCF for care provided in 2019 is improperly joined to this action against medical personnel at CTF for care provided in 2016 and violates Rule 20(a)(2). Furthermore, such a claim should be filed in the Eastern District of California since CHCF lies in San Joaquin County. See 28 U.S.C. § 84(b). Accordingly, the claim against Defendant Singh is DISMISSED without prejudice from this action to Plaintiff filing it as a separate action in the Eastern District of California.

///

3

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Dr. Eric Razavi, DDS, and Dr. Tarrara, MD,** at the **Correctional Training Facility** (P.O. Box 686, Soledad, CA 93960-0686). The Clerk shall also mail a copy of this Order to Plaintiff.

The Court has found the claims against Defendant Singh are improperly joined to this action. See supra at 3. Accordingly, the Clerk shall terminate Defendant Singh from this action. The Doe Defendant is also dismissed without prejudice for the reasons stated above. Id.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date

the waiver form is filed, whichever is later.

3.     No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b.     **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5.     Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: 10/6/2020

EDWARD J. DAVILA
United States District Judge

Order of Partial Dismissal and of Service
PRO-SE\EJD\CR.20\04292Thompson_svc