UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM THOMPSON,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>ERIC RAZAVI, et al.,<br>　　　　Defendants. | Case No. 20-04292 EJD (PR)<br><br>**ORDER GRANTING LEAVE TO AMEND; DIRECTING SERVICE OF AMENDED COMPLAINT; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

　　　　Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against medical personnel at Correctional Training Facility ("CTF") in Soledad and at the California Health Care Facility ("CHCF") in Stockton, where he is currently incarcerated. Dkt. No. 1. On October 6, 2020, the Court conducted an initial review of the complaint, found it stated a cognizable claim for deliberate indifference to serious medical needs against Defendants Razavi and Tarrara, and ordered service on these two Defendants at CTF. Dkt. No. 10 at 2, 4. The Court dismissed the claims against Defendant Singh as improperly joined to this action. Id. at 3-4. The Court dismissed a Doe Defendant from this action with leave to amend, if Plaintiff was able to identify this Defendant by name at a later time. Id. at 3.

　　　　Plaintiff has filed an amended complaint providing the name of the Doe Defendant

as Dr. Mary Sweet at CTF. Dkt. No. 12. The amended complaint is otherwise identical to the original with respect to the deliberate indifference claim found cognizable against Defendants Razavi, Tarrara, and now newly identified Dr. Sweet. Dkt. No. 10 at 2. Furthermore, no defendant has yet successfully been served with the complaint in this action.[1] Accordingly, the Court finds good cause to grant the amendment and deems the amended complaint as the operative complaint in this action.

This matter shall proceed on the Eighth Amendment deliberate indifference claims found cognizable in the Court's initial review order against these three Defendants. Dkt. No. 10 at 2. Briefing shall proceed in accordance with the following.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the **amended complaint**, all attachments thereto, and a copy of this order upon **Defendants Dr. Eric Razavi, DDS, Dr. Tarrara, MD,** and **Dr. Mary Sweet, MD,** at the **Correctional Training Facility** (P.O. Box 686, Soledad, CA 93960-0686). The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this

---

[11] The request for waiver of service was sent to Defendants on October 7, 2020, but there is no indicant that Defendants received these documents. Dkt. No. 11. To date, no Defendant has made an appearance in this matter.

action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:**  1/8/2021

EDWARD J. DAVILA
United States District Judge

Order of Service of Amended Complaint
PRO-SE\EJD\CR.20\04292Thompson_svc-am.compl

4